Ashton L. Welsh and Evelyn C. Welsh v. Commissioner.
Welsh v. Commissioner
Docket No. 71829.
United States Tax Court
T.C. Memo 1960-161; 1960 Tax Ct. Memo LEXIS 128; 19 T.C.M. (CCH) 849; T.C.M. (RIA) 60161; August 4, 1960
*128 Held: That payments made to Kathryn R. Welsh by petitioner, Ashton L. Welsh, in the amounts of $25,000 and $35,000 are not periodic payments and are not deductible under the provisions of section 215(a) and sections 71(a) and 71(c) of the Code of 1954. Roy L. Struble, Esq., Ingraham Building, Miami, Fla., for the petitioners. Donald P. Krainess, Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent *129 determined a deficiency in income tax of the above-named petitioners for the taxable year 1955 in the amount of $8,367.98. Petitioners have conceded the correctness of respondent's determination that they received additional income from collections on accounts receivable in the amount of $10,026.49. Respondent concedes that two payments of $1,000 each, dated February 3 and February 26, 1955, to Kathryn R. Welsh are deductible under the provisions of section 215(a) of the Code of 1954. The only issue presented *130 for our consideration is whether payments made by petitioner, Ashton L. Welsh, to Kathryn R. Welsh, in the respective amounts of $25,000 and $35,000, are periodic payments under the provisions of section 215(a) and sections 71(a) and 71(c) of the Code of 1954. All of the facts are stipulated and are incorporated herein by reference. Petitioners, Ashton L. Welsh and Evelyn C. Welsh, are husband and wife residing in Cincinnati, Ohio. They filed a timely joint income tax return for the taxable year 1955 with the district director of internal revenue, Cincinnati, Ohio. On January 20, 1955, petitioner, Ashton L. Welsh, and his then wife, Kathryn R. Welsh, executed a preliminary written separation agreement providing, among other things, for a property settlement and the payment of alimony. This was followed by a formal separation agreement which, to the extent here pertinent, reads as follows: "AGREEMENT "THIS AGREEMENT, made and entered into this 23rd day of March, 1955, by and between KATHRYN R. WELSH, party of the first part, and ASHTON L. WELSH, party of the second part, "WITNESSETH: "1. WHEREAS the parties hereto were married at Cincinnati, Ohio, on the 16th day of June, *131 1930; and "2. WHEREAS, differences have arisen between the parties since their marriage, which have resulted in their separation and they are no longer living together as man and wife; and "3. WHEREAS, said parties are desirous of settling and adjusting all marital rights and interests and all claims of one in and to the property of the other and including but not limited to, the right to maintenance and alimony; and * * *
"NOW THEREFORE, in consideration of the premises and the mutual promises of the parties, each to the other made, as herein contained, it is agreed as follows: "1. The parties mutaully agree to the separation which has already taken place and agree with each other to live henceforth during the remainder of their respective lives separate and apart one from the other without molestation of either by the other and without any interference of one with the affairs and interests of the other. They hereby respectively renounce all claim or right of either to the society and companionship of the other. "2. Within ten (10) days from the date hereof, Ashton L. Welsh will pay to Kathryn R. Welsh the sum of Sixty Thousand Dollars ($60,000) in cash. "3. Ashton *132 L. Welsh shall pay to Kathryn R. Welsh the sum of One Thousand Dollars ($1,000) per month for Ninety-six (96) months and Seven Hundred Fifty Dollars ( $750) per month thereafter, payable the first day of each and every month, the first payment to be due and made on April 1, 1955, for so long as Kathryn R. Welsh shall live and remain single; provided, however, that in the event Ashton L. Welsh's income should be materially reduced, the maximum payable to Kathryn R. Welsh in any year shall not exceed one-third (1/3) of Ashton L. Welsh's net income before federal, state and city income taxes, it being understood and agreed that unusual business losses shall not be taken into account in computing Ashton L. Welsh's net income. In the event of the remarriage or death of Kathryn R. Welsh, said monthly payments shall cease and, in the event of either contingency, from that time on Ashton L. Welsh shall be under no obligation to make any monthly payments. Kathryn R. Welsh shall not have the right to assign or anticipate said monthly payments." * * *
Ashton L. Welsh and Kathryn R. Welsh were divorced by decree of the Court of Common Pleas, Hamilton County, Ohio, entered March 24, 1955, which *133 approved the separation agreement dated March 23, 1955. During the taxable year 1955, Ashton L. Welsh made the following payments to Kathryn R. Welsh pursuant to the separation agreements dated January 20, 1955, and March 23, 1955: Date
Amount
February 1, 1955
$ 1,000
March 1, 1955
1,000
April 1, 1955
25,000
April 1, 1955
1,000
April 29, 1955
35,000
April 29, 1955
1,000
June 1, 1955
1,000
July 2, 1955
1,000
August 1, 1955
1,000
September 12, 1955
1,000
October 3, 1955
1,000
November 1, 1955
1,000
December 20, 1955
1,000
In their income tax return for the calendar year 1955, petitioners claimed deductions for alimony as follows: Alimony of $1,000.00 per month pay-
able to Mrs. Kathryn R. Welsh,
2552 Madison Road, Cincinnati 8,
Ohio under divorce of January 10,
1955
$11,000.00
Lump Sum Alimony payment made
in addition to the monthly payments
60,000.00
Petitioners contend that the respective amounts of $25,000 and $35,000 paid to Kathryn were periodic payments under the provisions of section 215(a) [1] of the Code, read together with the material parts of section 71. [2]
*134 It is clear without discussion that the provisions of section 71(c)(2), relating to installment payments of principal sums, cannot help petitioner in this case. In order for the payments in question to be deductible by petitioners under section 215(a), they must be includible in Kathryn's gross income under section 71(a). To be so includible, they must be periodic payments. Upon the facts before us, we think the following authorities are controlling to the effect that the payments of $25,000 and $35,000 here in issue are not periodic. In , (1951), affd. (C.A. 8), we said in part (p. 1218): "The word "periodic" is to be taken in its ordinary meaning and so considered excludes a payment not to be made at fixed intervals but in a lump sum, and the fact that the statute made particular reference to periodic payments is some reason to believe that another kind of payment, that is, an initial payment in some larger and undivided amount, was considered in a different category. We may, we think, take judicial notice that divorce settlements or decrees not uncommonly provide some considerable amount payable immediately *135 to the wife, in addition to regular or recurring payments for current support thereafter. We consider it reasonable to believe that Congress had such a practice in mind and did not intend to make the wife taxable upon the lump sum, original, or principal payment to be made here, but that it was something in the nature of division of capital, rather than from the husband's income so as to be deductible by him. At any rate, we think Congress failed to provide that such a payment was "periodic" and that, therefore, it is not within the statute. * * *" See also , affd. on this point, (C.A. 8, 1952); . While the cases cited above construed the appropriate provisions of the Code of 1939, the principles are equally applicable to those of the Code of 1954 so far as here material. We need not extend the discussion beyond a brief reference to the authorities upon which petitioners rely. is distinguishable upon the facts. We need go no further than to point out that the payments involved in that case were *136 to cease on the death or remarriage of the wife. In the instant case, while the monthly payments of $1,000 (concededly deductible) were to continue only so long as Kathryn lived and remained single, there is no such provision with respect to the payment of $60,000 which was to be made within ten days of the execution of the agreement of March 23, 1955, and was actually made in two payments, one of $25,000 on April 1, 1955, and the other of $35,000 on April 29, 1955. These payments are in addition to, and unrelated to the monthly payments of $1,000. The same distinctions apply with respect to (and the payments were not principal or lump sums, but were paid out of income of a trust) and (C.A. 5, 1956). In (C.A. 3, 1957), we can find no issue of law or fact related to the problems of the instant case. In , affirming , the lump sum was in payment of arrears of periodic payments for support of wife and children made to a cash basis taxpayer. We find *137 no statement of principles in the cases cited by petitioners which would in any way persuade us that the contentions of petitioners are here applicable. In the light of the foregoing, we sustain respondent on the contested issues. Decision will be entered under Rule 50. Footnotes
1. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income. * * *↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. * * *
(c) Principal Sum Paid in Installments. - (1) General rule. - For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. (2) Where period for payment is more than 10 years. - If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received. * * *↩